**No. 22-15514**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff- Appellee,*

v.

ILIJA MATUSKO
*Claimant-Appellant,*

v.

APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD
(BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH),
*Defendant.*

On Appeal from the United States District Court
for the Northern District of California (San Francisco)
No. 3:20-cv-07811-RS
Hon. Chief Judge Richard Seeborg

---

## CLAIMANT-APPELLANT'S RESPONSE RE: JURISDICTION

---

Alexander H. Kugelman
Kugelman Law, PC
21 Tamal Vista, Suite 202
Corte Madera, CA 94925
Telephone: (415) 968-1780
alex@kugelmanlaw.com

*Attorney for Appellant*
Ilija Matusko

**TABLE OF CONTENTS**

**Page**

SUMMARY OF CASE.............................................................................................. 1-2

STATEMENT REGARDING JURISDICTION ........................................................2

CONCLUSION ..................................................................................................... 2-3

## SUMMARY OF CASE

On November 5, 2020, the Government filed a Complaint for Civil Forfeiture of approximately 69,370 Bitcoin (BTC) Bitcoin (BTC) seized from 1HQ3 Wallet in the United States District Court, Northern District of California. (Dkt. No. 1.)  On November 20, 2020, the Government filed an Amended Complaint that alleged the bitcoin held in the 1HQ3 Wallet appeared to be bitcoin stolen from Silk Road, which was corroborated by an unidentified Individual X, who purportedly participated in the theft.  (Dkt. No. 8.)  On July 2, 2021, Ilija Matusko ("Mr. Matusko") filed a Verified Claim and State of Interest in the Defendant Property. (Dkt. No. 87.)

The Government filed a Motion to Strike under Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Dkt. No. 95.)  The court granted the Government's Motion to Strike, and reasoned that Mr. Matusko presented no "colorable claim" to establish standing. (Dkt. No. 104.)

On April 8, 2022, Mr. Matusko filed a Notice of Appeal in the Ninth Circuit Court of Appeals. (Dkt. No. 109.)  On April 12, 2022, the Ninth Circuit Clerk of Court issued an order stating that the Ninth Circuit may "lack jurisdiction" over the appeal, citing authority that an order is not appealable unless it disposes of all claims as to all parties, or judgment is entered in compliance with Rule 54(b).  The

order directed Mr. Matusko to either move for voluntary dismissal of the appeal or show cause why the appeal should not be dismissed for lack of jurisdiction. *See USA v. Ilija Matusko, et al.,* Ninth Circuit Court of Appeals Case No. 22-15514, Dkt. No. 2.

## STATEMENT REGARDING JURISDICTION

The District Court reasoned that Mr. Matusko lacked standing and, on that basis, granted the Government's motion to strike his claim. This ruling was final as to Mr. Matusko; however, one claim remains in the District Court. Therefore, final judgment has not yet been entered in compliance with Rule 54(b). To perfect jurisdiction, Mr. Matusko is filing a Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) with the District Court.

Here, the issue of jurisdiction involves as procedural formality that will be resolved on either the District Court's ruling on Mr. Matusko's motion, or on the Government's motion to strike the single remaining claim, which is wholly unrelated to the issue of Mr. Matusko's standing and involves a small fraction of the subject property at issue.

## CONCLUSION

To save the time, expense, and judicial resources that would be involved in re-filing this appeal, Mr. Matusko respectfully requests that his appeal be held in abeyance until the earlier of either (1) the District Court's ruling on his Motion for

- 3 -

Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), or (2)

the District Court's entry of final judgment following its ruling on the single

remaining motion to strike.


Date: 5/3/2022


                                        Alexander H. Kugelman, Esq.


                                        */s/ Alexander H. Kugelman*_____
                                        Alexander H. Kugelman

                                        *Attorney for Appellant Ilija Matusko*

- 3 -

1