**Nos. 22-15514 & 22-16349**

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

  v.

ILIJA MATSUKO,

      Claimant-Appellant,

  v.

APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG), BITCOIN SV (BSV), AND BITCOIN CASH (BCH),

      Defendant.

_____

**SUPPLEMENTAL EXCERPTS OF RECORD**
**VOLUME 1 OF 1**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 3:20-CV-07811 RS
_____

**STEPHANIE M. HINDS**
United States Attorney

**MATTHEW M. YELOVICH**
Chief, Appellate Section,
Criminal Division

**MERRY JEAN CHAN**
Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
(415) 436-7200

**Attorneys for Plaintiff-Appellee**
**UNITED STATES OF AMERICA**

# INDEX

Respondent Ross W. Ulbright's Notice of Motion and Motion for
    Enlargement of Time to File Notice of Claim or Otherwise
    Respond to Plaintiff's Amended Civil Complaint;
    Memorandum of Points and Authorities
    (CR 21, 12/30/2020) ...............................................................................SER-3

Declaration of David A. Warrington in Support of Respondent's Motion for
    Enlargement of Time to File Notice of Claim or Otherwise Respond to
    Plaintiff's Amended Civil Complaint
    (CR 21-1) .................................................................................................SER-7

Declaration of Publication
    (CR 25, 1/6/2021) ................................................................................SER-10

Declaration of Jeremiah Haynie in Support of United States'
    Motion to Strike the Claims of Claimants
    Battle Born Investments Co., LLC; First 100, LLC; and
    1st One Hundred Holdings, LLC
    (CR 90-1, 7/13/2021)...........................................................................SER-13
    -    Exhibits 1 to 3: Images of Website Screenshots .......................SER-21

Order Granting Motion to Strike Buckley Claim, Denying Motion for
    Leave to Seek Reconsideration of Order Striking Hossein Claim, and
    Denying Motion to Enter Separate Judgments
    (CR 122, 7/14/2022) ...........................................................................SER-27

1  Rebecca L. Wilson (SBN 257613)
   KUTAK ROCK LLP
2  5 Park Plaza, Suite 1500
   Irvine, California 92614-8595
3  Telephone:    (949) 417-0999
   Facsimile:    (949) 417-5394
4  Email:    rebecca.wilson@kutakrock.com

5  David A. Warrington (VSB 72293)
   KUTAK ROCK LLP
6  901 East Byrd Street, Suite 1000
   Richmond, Virginia 23219-4071
7  Telephone: (202) 828-2437
   Facsimile:  (202) 828-2488
8  Email:    david.warrington@kutakrock.com
   (*pro hac vice motion forthcoming*)

9
   Attorneys for Respondent
10 ROSS WILLIAM ULBRICHT

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANSISCO DIVISION

14

15 UNITED STATES OF AMERICA,          Case No.:  CV 20-7811 RS

16               Plaintiff,            Assigned to:
                                       The Honorable Richard Seeborg:
17      v.                             Courtroom 3, 17th Floor

18 Approximately 69,370 Bitcoin (BTC),  **NOTICE OF MOTION AND MOTION**
   Bitcoin Gold (BTG), Bitcoin SV (BSV), **FOR AN ENLARGEMENT OF TIME TO**
19 and Bitcoin Cash (BCH) seized from   **FILE NOTICE OF A CLAIM OR**
   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8     **OTHERWISE RESPOND TO**
20 Hbhx,                               **PLAINTIFF'S AMENDED CIVIL**
                                       **COMPLAINT; MEMORANDUM OF**
21               Defendant.            **POINTS AND AUTHORITIES;**
                                       **DECLARATION OF DAVID**
22                                     **WARRINGTON; PROPOSED ORDER**

23                                     Date:      February 4, 2021
                                       Time:      1:30 p.m.
24                                     Courtroom:  3

25

26

27

28
                                                            CV 20-7811 RS
KUTAK ROCK LLP
ATTORNEYS AT LAW     MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR
IRVINE           OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 4, 2021, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 3, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Respondent Ross William Ulbricht, will and hereby does move this Court for an enlargement of time in which to file Notice of Claim or otherwise respond to Plaintiff's Amended Civil Complaint.

The Motion is brought pursuant to Fed. R. Civ. P. 6(b)(1)(A), Local Rule 7-1 and Local Rule 6-3. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of David Warrington, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: December 30, 2020                    KUTAK ROCK LLP


By: */s/ Rebecca L. Wilson*
    Rebecca L. Wilson
    Attorneys for Respondent,
    ROSS WILLIAM ULBRICHT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CV 20-7811 RS

MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

**SER-4**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Local Rule 7-1 and Local Rule 6-3, Respondent Ross William Ulbricht ("Ulbricht"), moves for an enlargement of time in which to file a notice of claim in the above-captioned Forfeiture Action and states as follows:

On November 20, 2020, the United States filed an Amended Civil Complaint (ECF No. 9) pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6). [Declaration of David Warrington ("Warrington Decl.", par. 2.]

At issue in the Forfeiture Action is the seizure of approximately 69,370 Bitcoin (BTC). [Warrington Decl., par. 3.]

On November 25, 2020, the United States caused copies of the Amended Civil Complaint and related documents as notice of the forfeiture action to be sent to Ulbricht at the United States Penitentiary, USP Tucson. [Warrington Decl., par. 4.]

Upon receipt, Ulbricht caused the notice to be sent to his counsel, David Warrington, of this firm's Richmond, Virginia office. [Warrington Decl., par. 5.] Counsel for Ulbricht has attempted to speak with Ulbricht regarding the notice but has been unable to because USP Tucson has been on lockdown because of the COVID-19 pandemic and has been informed that Ulbricht's counselor is on vacation until January 3, 2020. [Warrington Decl., par. 6.] Counsel has tried alternative methods of arranging a legal call with no success to date. [Warrington Decl., par. 7.] Counsel is continuing these efforts. [Id.]

Counsel for Ulbricht contacted the Government to ask whether it would agree to an extension of time for Ulbricht to file any notice of claim or otherwise respond to the Forfeiture Action, including, *inter alia*, agreeing with the Government to apply any proceeds of the forfeited property to Ulbricht's outstanding forfeiture amount. [Warrington Decl., par. 8.]

The Government did not agree to any extension of time. [Id.]

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the deadline for filing a notice of claim in the forfeiture action is 35 days from the date the notice was sent to Ulbricht. That deadline is December 30, 2020. [Warrington Decl., par. 9.]

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CV 20-7811 RS

MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR
OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

SER-5

1    Because of the COVID-19 lockdown, Ulbricht counselor's vacation, and the failure of other

2    attempts to reach Ulbricht, his counsel has been unable to advise him as to his rights and obligations

3    with regard to the Forfeiture Action.  An extension of time to February 5, 2021 is requested so that

4    counsel may properly advise his client of his rights and obligations with regard to the Amended

5    Civil Complaint.

6    According to the docket, there have been no previous time modifications to the case.

7    The requested extension of time will have no effect on the schedule of the case.

8    For these reasons we hereby move for an extension of time to February 5, 2021 for Ulbricht

9    to file any notice of claim or otherwise respond to the Government's Amended Civil Complaint.

10   Dated:  December 30, 2020                                  KUTAK ROCK LLP

11

12                                                              By: */s/ Rebecca L. Wilson*
                                                                    _____
13                                                                  Rebecca L. Wilson
                                                                    Attorneys for Respondent,
14                                                                  ROSS WILLIAM ULBRICHT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                                              CV 20-7811 RS

MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR
OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

**SER-6**

Rebecca L. Wilson (SBN 257613)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: rebecca.wilson@kutakrock.com

David A. Warrington (VSB 72293)
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (202) 828-2437
Facsimile: (202) 828-2488
Email: david.warrington@kutakrock.com
(*pro hac vice motion forthcoming*)

Attorneys for Respondent

ROSS WILLIAM ULBRICHT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANSISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fG G8Hbhx,<br><br>Defendant. | Case No.: CV 20-7811 RS<br><br>Assigned to:<br>The Honorable Richard Seeborg:<br>Courtroom 3, 17th Floor<br><br>**DECLARATION OF DAVID A. WARRINGTON IN SUPPORT OF MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT** |

CV 20-7811 RS

DECLARATION OF DAVID A. WARRINGTON IN SUPPORT OF MOTION FOR AN
ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR OTHERWISE RESPOND
TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4847-8497-6597.1
DRAFT

SER-7

# DECLARATION OF DAVID A. WARRINGTON

I, DAVID A. WARRINGTON, declare as follows:

1.     I am over the age of 21 years and have personal knowledge of the matters set forth herein. I am employed by Kutak Rock LLP. My title is Of Counsel. I am representing Ross Ulbricht in a petition for clemency proceeding which bears on the instant above-captioned Forfeiture Action

2.     On November 20, 2020, the United States filed an Amended Civil Complaint (ECF No. 9) pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6).

3.     At issue in the Forfeiture Action is the seizure of approximately 69,370 Bitcoin (BTC).

4.     On November 25, 2020, the United States caused copies of the Amended Civil Complaint and related documents as notice of the forfeiture action to be sent to Ulbricht at the United States Penitentiary, USP Tucson. [A true and correct copy of these documents is attached here as Exhibit "A".]

5.     Upon receipt, Ulbricht caused the notice to be sent to me at this firm's Richmond, Virginia office.

6.     I have attempted to speak with Ulbricht regarding the notice but have been unable to because I have been informed that USP Tucson has been on lockdown because of the COVID-19 pandemic and I have been informed that Ulbricht's counselor is on vacation until January 3, 2020. [Warrington Decl., par. 6.]

7.     I have tried alternative methods of arranging a legal call with no success to date. I am continuing these efforts. [Id.]

8.     I contacted the Government prosecutor on this case to ask whether the Government would agree to an extension of time for Ulbricht to file any notice of

- 2 -                                    CV 20-7811 RS

MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR
OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4847-8497-6597.1
DRAFT

**SER-8**

claim or otherwise respond to the Forfeiture Action, including, *inter alia*, agreeing with the Government to apply any proceeds of the forfeited property to Ulbricht's outstanding forfeiture amount, but the Government did not agree to any extension of time.

9. Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the deadline for filing a notice of claim in the forfeiture action is 35 days from the date the notice was sent to Ulbricht. That deadline is December 30, 2020.

10. According to the docket, there have been no previous time modifications to the case, and he requested extension of time will have no effect on the schedule of the case.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing statements are true and correct to the best of my knowledge.

Dated: December 30, 2020

By: David A. Warrington

CV 20-7811 RS

MOTION FOR AN ENLARGEMENT OF TIME TO FILE NOTICE OF A CLAIM OR
OTHERWISE RESPOND TO PLAINTIFF'S AMENDED CIVIL COMPLAINT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4847-8497-6597.1
DRAFT

SER-9

1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   DAVID B. COUNTRYMAN (CABN 226995)
    CHRIS KALTSAS (NYBN 5460902)
5   CLAUDIA QUIROZ (CABN 254419)
    WILLIAM FRENTZEN (LABN 24421)
6   Assistant United States Attorneys

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
8       Telephone: (415) 436-7200
        FAX: (415) 436-7234
9       Email: Chris.Kaltsas2@usdoj.gov

10  Attorneys for United States of America

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14

15  UNITED STATES OF AMERICA,            )   **CASE NO.: CV 20-07811 RS**
                                         )
16          Plaintiff,                   )
                                         )
17      v.                               )
                                         )   **DECLARATION OF PUBLICATION**
18  Approximately 69,370 Bitcoin (BTC), Bitcoin )
    Gold (BTG), Bitcoin SV (BSV), and Bitcoin  )
19  Cash (BCH) seized from               )
    1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx   )
20                                       )
            Defendant.                   )
21  _____)

22          Notice of Civil Forfeiture was posted on an official government internet site

23  (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 27, 2020, as required by

24  Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

25  Actions, as evidenced by Attachment 1.

26          I declare under penalty of perjury that the foregoing is true and correct. Executed on January 06,

27  2021 at San Francisco, CA.

28

DECLARATION OF PUBLICATION
CV 20-07811 RS                          1

**SER-10**

1

2                         /s/ *Yuan Zhu*

3                         _____

                          Yuan Zhu

4                         FSA Paralegal/Asset Forfeiture Unit

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PUBLICATION
CV 20-07811 RS                2

**SER-11**

Attachment 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## COURT CASE NUMBER: CV 20-7811 RS; NOTICE OF FORFEITURE ACTION

Pursuant to 18 U.S.C. § 981, the United States filed a verified Complaint for Forfeiture against the following property:

Approximately 69,370.22491543 Bitcoin, Bitcoin Gold, Bitcoin SV, Bitcoin Cash (21-IRS-000008) which was seized from Individual X on November 03, 2020 at 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx, located in San Francisco, CA

Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (November 27, 2020) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. 18 U.S.C. § 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property which the court determines was frivolous.

The verified Claim and Answer must be filed with the Clerk of the Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, and copies of each served upon Assistant United States Attorney David Countryman, 450 Golden Gate Avenue, 9th Floor, San Francisco, CA 94102, or default and forfeiture will be ordered. *See*, 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture. A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. Section 1746. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a). The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b). The petition need not be made in any particular form and may be filed online or in writing. You should file a petition not later than 11:59 PM EST 30 days after the date of final publication of this notice. *See* 28 C.F.R. Section 9.3(a). The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition form that may be mailed and the link to file a petition online. If you cannot find the desired assets online, you must file your petition in writing by sending it to Assistant United States Attorney David Countryman, 450 Golden Gate Avenue, 9th Floor, San Francisco, CA 94102. This website provides answers to frequently asked questions (FAQs) about filing a petition. You may file both a verified claim with the court and a petition for remission or mitigation.

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DAVID COUNTRYMAN (CABN 226995)
   CHRIS KALTSAS (NYBN 5460902)
5  CLAUDIA A. QUIROZ (CABN 254419)
   WILLIAM FRENTZEN (LABN 24421)
6  Assistant United States Attorneys

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
8       Telephone: (415) 436-7428
        FAX: (415) 436-7234
9       claudia.quiroz@usdoj.gov

10 Attorneys for United States of America

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15 UNITED STATES OF AMERICA,              )   CASE NO. CV 20-7811 RS
                                          )
16         Plaintiff,                      )   DECLARATION OF JEREMIAH HAYNIE IN
                                          )   SUPPORT OF UNITED STATES' MOTION TO
17     v.                                  )   STRIKE THE CLAIMS OF CLAIMANTS BATTLE
                                          )   BORN INVESTMENTS COMPANY, LLC, FIRST
18 Approximately 69,370 Bitcoin (BTC), Bitcoin )   100, LLC AND 1ST ONE HUNDRED HOLDINGS,
   Gold (BTG), Bitcoin SV (BSV), and Bitcoin )   LLC
19 Cash (BCH) seized from                   )
   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx )
20                                          )   Hearing Date:    August 20, 2021
           Defendant.                      )   Time:            1:30 p.m.
21                                          )   Court:           Hon. Richard Seeborg
                                          )
22 _____)

23         I, JEREMIAH HAYNIE, state as follows:

24         1.     I am a Special Agent with the Criminal Investigation Division of the Internal Revenue

25 Service ("IRS-CI"). I am a case agent assigned to this case. I respectfully submit this declaration to

26 provide certain relevant information in support of the United States' Motion to Strike the claims filed by

27 Claimants Battle Born Investments Company, LLC; First 100, LLC; and 1st One Hundred Holdings,

28 LLC ("Claimants"). I personally conducted the blockchain analysis of the bitcoins at issue in this case

DECLARATION OF JEREMIAH HAYNIE          1
CASE NO. CV 20-7811 RS

and was involved in the investigation from its inception to the present day.

## INDIVIDUAL X

2. On approximately May 6, 2012, Individual X stole 70,411.46 BTC from addresses controlled by Silk Road and transferred it to two Bitcoin addresses—
1BADznNF3W1gi47R65MQs754KB7zTaGuYZ and 1BBqjKsYuLEUE9Y5WzdbzCtYzCiQgHqtPN—
totaling 70,411.46 BTC.

3. On approximately April 9, 2013, the Bitcoin addresses that received the 70,411.46 BTC from Silk Road sent 69,471.082201 BTC (approximately $14 million at the time of transfer) to 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (hereafter "1HQ3"). Individual X is the individual that effectuated this transaction.

4. I have personally investigated and spoken with Individual X. Raymond Ngan is not Individual X. Furthermore, my investigation has not revealed any association or connection between Ngan and Individual X.

5. I have been provided with a list of twelve names who Claimants believe may be associates and/or affiliates of Raymond Ngan. None of these individuals is Individual X.

## SCAMS INVOLVING 1HQ3

6. Since 2013, 1HQ3 has been one of the most sought-after Bitcoin addresses in history given the large number of bitcoins it held for years. On November 2, 2020, it was number five among the top 100 richest Bitcoin addresses. Attached hereto as Exhibit 1 is a true and accurate copy of a screenshot I took from a publicly available website showing 1HQ3 as the fifth richest Bitcoin address as of November 2, 2020, with a balance of 69,370 BTC (worth $930,206,633 USD), equivalent to 0.3743% of all Bitcoin in circulation.

7. The lure and notoriety of 1HQ3 has made it a target and/or subject of numerous scams for years. For example, there have been numerous posts involving 1HQ3 on Pastebin.com, a text storage website that is a type of online content-hosting service where users can store plain text. Some of those posts include the following:

a. On approximately June 4, 2016, an unknown individual submitted a post to Pastebin (www.pastebin.com/UPvLQDeH), that contained 1HQ3 and about 999 other addresses. The

DECLARATION OF JEREMIAH HAYNIE      2
CASE NO. CV 20-7811 RS

post claimed that anyone who paid 0.0005 BTC would receive the private keys for all the addresses in the list. It appears six people fell for this scam because the payment address received 0.0030 BTC. As described later, anyone who possesses the private key for a particular Bitcoin address has the ability to transfer bitcoin from the corresponding Bitcoin address.

       b.      On approximately February 25, 2020, an individual using the moniker "KILOHACK3R" submitted a post to Pastebin (www.pastebin.com/eKu5RttH) that contained 1HQ3 and about 50 other Bitcoin addresses. The post claimed to be selling the private keys for all the addresses on the list for 0.01 BTC. It does not appear that anyone sent 0.01 BTC but the address received a total of about 0.005 BTC.

       c.      Similar to the posts above, I found at least eight additional posts that offered the private keys for 1HQ3 for sale:

          i.    A post dated approximately January 15, 2018 claiming to have the private keys for 40 addresses including 1HQ3 for the price of 0.1 BTC (www.pastebin.com/mvYN86t4).

         ii.    A post dated approximately March 4, 2018 claiming to have the private keys for 40 addresses including 1HQ3 for the price of 0.05 BTC (www.pastebin.com/nuAzpzdH).

        iii.    A post dated approximately January 2, 2018 claiming to have the private keys for 40 addresses including 1HQ3 for the price of 0.37 BTC (www.pastebin.com/RzP8Ve9r).

        iv.    A post dated approximately September 25, 2018 claiming to have the private keys for 40 addresses including 1HQ3 for the price of 13.10 BTC (www.pastebin.com/14d6vv7v).

         v.    A post dated approximately March 4, 2018 claiming to have the private keys for 40 addresses including 1HQ3 for the price of 1.1 BTC (www.pastebin.com/0kenaYuL).

DECLARATION OF JEREMIAH HAYNIE      3
CASE NO. CV 20-7811 RS

SER-15

Case: 3:20-cv-07811-RS  Document 66-296  Filed 07/13/21  Page 16 of 34

vi.   A post dated approximately November 30, 2017 claiming to have the private keys for 1,000 addresses including 1HQ3 for the price of 0.005 BTC (www.pastebin.com/iBuuhbpM).

vii.   A post dated approximately February 14, 2018 claiming to have the private keys for 350 addresses including 1HQ3, but did not require transferring Bitcoin to purchase the private keys but instead a link was provided that purported to allow the viewer to download the private keys (www.pastebin.com/jJcsExbJ).

viii.   A post dated approximately October 27, 2019 claiming to have the private keys for 40 addresses including 1HQ3 available for the price of 1.1 BTC (www.pastebin.com/ARQbtNgf).

8.     Additionally, I am aware of attempts by others to falsely claim ownership of Bitcoin addresses with large balances, including at least two separate individuals claiming ownership or possession of the 69,370 BTC at issue in this case. For example, I was recently alerted to an individual who attempted to claim ownership of bc1qa5wkgaew2dkv56kfvj49j0av5nml45x9ek9hz6, the IRS-CI controlled Bitcoin address that received the 1HQ3 funds.

9.     I also know of reports that a password protected wallet advertised to contain the private key for the 1HQ3 Bitcoin address was being passed around by hackers as recently as September of 2020, thereby making it possible for numerous individuals to claim they had this wallet but could not get into it. Although I believe that the wallet.dat file did not contain the private key for 1HQ3, it is possible that the wallet.dat file contained the private key. On September 9, 2020 Vice published an article titled "Hackers Are Trying to Break Into This Bitcoin Wallet Holding $690 Million." (Available online at https://www.vice.com/en/article/bv8k4v/hackers-are-trying-to-break-into-this-bitcoin-wallet-holding-dollar690-million.) The article states that hackers had been trading 1HQ3 on forums and underground marketplaces "in hopes of recovering the stash of cryptocurrency." The article further states the following:

> In the case of this Bitcoin wallet, it seems that it had been circulating for a while with no luck to those who attempt cracking it.

In fact, hackers have been trading the wallet on various occasions. On June 29 of last year, someone nicknamed humerh3 tried to sell the wallet on Bitcointalk, one of the most popular forums dedicated to the cryptocurrency. Another forum member noticed a listing on All Private Keys for the $690 million wallet earlier this year as well. That listing is now gone, but another site has it on sale.

There is no guarantee, however, that this wallet.dat file that's going around actually holds the lost Bitcoin. It's possible that someone forged this wallet so that it would have the 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx address but not its corresponding private key, which is what one would need to get the bitcoins, according to cryptocurrency experts.

## BITCOIN OVERVIEW

10. Through my training and experience, and through reference to open-source information available via the Internet, I know the following:

11. Bitcoin is a type of virtual currency.[1] Virtual currency (also known as cryptocurrency or digital currency) is a digital representation of value that can function as a medium of exchange, a unit of account, and/or a store of value.[2] Virtual currency is not issued by any government or bank. It is generated and controlled through computer software operating on a decentralized, peer-to-peer network. Virtual currency is not illegal in the United States and may be used for legitimate financial transactions. However, virtual currency is frequently used in conjunction with illegal or restricted activities, including, for example, purchasing illegal narcotics on darknet markets.

12. To send and receive bitcoin, the parties involved in a transaction use Bitcoin "addresses." A Bitcoin address is somewhat analogous to a bank account number and is represented as a 26-to-35-character-long case-sensitive string of letters and numbers. Each Bitcoin address is controlled through the use of a unique, private key. This key is the equivalent of a password or PIN and is necessary to access the funds associated with a Bitcoin address. Only the holder of a Bitcoin address' private key can authorize transfers of bitcoin from that address to other Bitcoin addresses. Users can operate multiple

---

[1] Bitcoin is both a cryptocurrency and a protocol; because of this, capitalization differs. Accepted practice is to use "Bitcoin" (singular with an uppercase letter B) to label the protocol, software, and community, and "bitcoin" (with a lowercase letter b) to label units of the currency. That practice is adopted here.

[2] For the purposes of this affidavit, "digital currency," "cryptocurrency," and "virtual currency" address the same concept.

DECLARATION OF JEREMIAH HAYNIE                    5
CASE NO. CV 20-7811 RS

1    Bitcoin addresses at any given time and can use a unique Bitcoin address for each transaction.

2        13.    When a sender initiates a Bitcoin transaction, the sender transmits a transaction

3    announcement across the peer-to-peer Bitcoin network.  To complete a transaction, a sender needs only

4    the Bitcoin address of the receiving party and the sender's own private key.  This information on its own

5    rarely reflects any identifying information about either the sender or the recipient.  As a result, little-to-

6    no personally identifiable information about the sender or recipient is transmitted in a Bitcoin

7    transaction itself.  Once the sender's transaction announcement is verified by the network, the

8    transaction is added to the blockchain, a decentralized public ledger that records every Bitcoin

9    transaction.  The blockchain logs every Bitcoin address that has ever received bitcoin and maintains

10   records of every transaction for each Bitcoin address.

11       14.    While a Bitcoin address owner's identity is generally anonymous within the blockchain

12   (unless the owner chooses to make information about the owner's Bitcoin address publicly available),

13   investigators can often use the blockchain to identify the owner of a particular Bitcoin address.  Because

14   the blockchain serves as a searchable public ledger of every Bitcoin transaction, investigators can trace

15   transactions to, among other recipients, virtual currency exchanges.

16                            **REVIEWING THE BITCOIN PUBLIC LEDGER**

17       15.    The Bitcoin public ledger can be accessed from any computer connected to the internet

18   simply by searching for it in a search program like Google.  The entire Bitcoin public ledger is stored on

19   most of the computers that make up the peer-to-peer network.

20       16.    Importantly, once a Bitcoin address is used, it becomes traceable by the history of all

21   transactions that the address is involved with.  Anyone can see the balance and all transactions of any

22   address.  This information is part of the public ledger.

23                        **PROOF OF OWNERSHIP OF BITCOIN ADDRESSES**

24       17.    An individual can prove ownership of a Bitcoin address by using the address itself to sign

25   a message via digital signature.  The signing mechanism is the primary way of proving that a particular

26   message or a piece of data comes from your end and not from someone else.  By signing a message to a

27   Bitcoin or cryptocurrency address, the signer is demonstrating that they are the owner of the funds that a

28   wallet holds.  The digital signature acts as proof that someone controls the private keys of the particular

DECLARATION OF JEREMIAH HAYNIE              6
CASE NO. CV 20-7811 RS

**SER-18**

address.  In the Bitcoin community, there is a popular saying—"Not your keys, not your bitcoin"—which exemplifies the importance of actually possessing the private key to a Bitcoin address in order to establish true ownership.

18.     For example, following the notorious Twitter hack in July of 2020 that compromised approximately 130 Twitter accounts pertaining to politicians, celebrities, and musicians, special agents in my squad seized the bitcoin received by the hackers through the scam and it is expected to be returned to their rightful owners.  In the case of one victim, who needed to prove ownership of the Bitcoin address he used to send funds to the scammers, the victim verified ownership of the Bitcoin address by using the address to digitally sign a message.  This is how ownership of a Bitcoin address is usually verified, not by simply providing a screenshot of a well-known address on a blockchain explorer site.

19.     The document provided by counsel for Claimants to the government as Exhibit 5 in support of their claim as "proof" that Ngan owned or controlled 1HQ3 (attached hereto as Exhibit 2) is nothing more than a screenshot of a Bitcoin address available to the public on the top 10 richest Bitcoin address list.  Nothing in that exhibit demonstrates proof of ownership or control in any way.  By way of illustration, I do not have control over 35hK24tcLEWcgNA4JxpvbkNkoAcDGqQPsP (hereafter "35hK") the richest Bitcoin address listed on Exhibit 1; however I can input that address into the same website (blockchain.com) and generate a similar screenshot to Exhibit 5.  Attached hereto as Exhibit 3 is a true and accurate copy of the screenshot I generated by inputting 35hK into blockchain.com.  This is not proof that I have ownership, possession, or control over 35hK and those in the Bitcoin community would scoff at anyone suggesting as much.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DECLARATION OF JEREMIAH HAYNIE          7
CASE NO. CV 20-7811 RS

SER-19

20.     I know that Claimants' Exhibit 5 was extracted by using a search function on blockchain.com because the link to https://www.blockchain.com/btc/address/1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx is explicitly stated in the footer of the exhibit and because the document itself contains links to the website (which can be accessed by any member of the public with an Internet browser).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 13th day of July, 2021 in East Lansing, Michigan.

        _/s/ Jeremiah Haynie_____
        JEREMIAH HAYNIE
        Special Agent
        Internal Revenue Service – Criminal Investigation

# EXHIBIT 1



## Top 100 Richest Bitcoin Addresses

| | Address | Balance △1w/△1m | % of coins | First In | Last In | Number Of Ins | First Out | Last Out | Number Of Outs |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 35hK24tcLEWcgNA4JxpvbkNkoAcDGqQPsP 3-of-7<br>wallet: Huobi-coldwallet | 177,502 BTC ($2,380,179,254 USD) -26000 BTC / -50000 BTC | 0.9578% | 2019-01-25 04:43:53 | 2020-11-02 01:00:40 | 448 | 2019-01-25 04:58:54 | 2020-11-02 01:00:40 | 160 |
| 2 | 37XuVSEpWW4trkfmvWzegTHQt7BdktSKUs | 94,506 BTC ($1,267,257,696 USD) | 0.5100% | 2019-09-05 23:30:05 | 2020-10-31 17:26:35 | 83 | | | |
| 3 | 1FeexV6bAHb8ybZjqQMjJrcCrHGW9sb6uF | 79,957 BTC ($1,072,170,701 USD) | 0.4315% | 2011-03-01 05:26:19 | 2020-10-31 16:54:51 | 352 | | | |
| 4 | 34xp4vRoCGJym3xR7yCVPFHoCNxv4Twseo<br>wallet: Binance-coldwallet | 73,436 BTC ($984,729,608 USD) | 0.3963% | 2018-10-18 08:59:18 | 2020-10-31 17:26:35 | 424 | 2018-10-18 09:19:26 | 2020-04-29 15:19:53 | 373 |
| 5 | 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx | 69,370 BTC ($930,206,633 USD) | 0.3743% | 2013-04-09 17:03:36 | 2020-10-29 06:44:45 | 235 | 2015-04-23 10:10:25 | 2015-04-23 10:10:25 | 1 |

# EXHIBIT 2

WALLET      DATA      API      ABOUT      BLOCK, HASH, TRANSACTI

# Bitcoin Address

### Summary

| | |
|---|---|
| Address | 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx |
| Hash 160 | b3dd79fb3460c7b0d0bbb8d2ed93436b88b6d89c |

### Transactions

| | | |
|---|---|---|
| No. Transactions | 159 | |
| Total Received | 69,471.12363147 BTC | |
| Final Balance | 69,370.12363147 BTC | |

Request Payment     Donation Button



## Transactions

Filter▾

0666de82d8b58570da093c09e96041c5b7e21ecda41…

2018-12-17 06:06:08

3BU1rT4aZFTDDWt6yxheedV8kbdrU2WMqM   →   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx    0.00001088 BTC

| 0.00001088 BTC |



813ba20bd5de583397bee08b69b85ac5c2dae8afd5d…

2018-12-09 04:52:19

199J6ZBSFsLtrRX5WuCiZCynj7Zh3hZcgV   →   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx    0.00000888 BTC

# **EXHIBIT 3**



Sponsored Content

Explorer >  Bitcoin Explorer ▾ > Address

Search your transaction, an address or a block

USD ▾

## Address ⓘ

USD | **BTC**

This address has transacted 391 times on the Bitcoin blockchain. It has received a total of 279,904.98830224 BTC ($9,725,830,638.04) and has sent a total of 172,453.29865255 BTC ($5,992,217,522.95). The current value of this address is 107,451.68964969 BTC ($3,733,613,115.09).



| | |
|---|---|
| Address | 35hK24tcLEWcgNA4JxpvbkNkoAcDGqQPsP 📋 |
| Format | BASE58 (P2SH) |
| Transactions | 391 |
| Total Received | 279904.98830224 BTC |
| Total Sent | 172453.29865255 BTC |
| Final Balance | 107451.68964969 BTC |

1
2
3
4
5
6
7                               UNITED STATES DISTRICT COURT
8                          NORTHERN DISTRICT OF CALIFORNIA
9

10 UNITED STATES OF AMERICA,          Case No. 20-cv-07811-RS

          Plaintiff,

11
12       v.                              **ORDER GRANTING MOTION TO STRIKE BUCKLEY CLAIM, DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION OF ORDER STRIKING HOSSEIN CLAIM, AND DENYING MOTIONS TO ENTER SEPARATE JUDGMENTS**

13 APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), et al.,

14

15          Defendants.

16
17

18         This is a civil forfeiture action arising from the seizure of approximately 69,370 Bitcoin,

19 Bitcoin Gold, Bitcoin SV, and Bitcoin Cash ("bitcoin") allegedly derived from certain unlawful

20 activity. The bitcoin was stolen by "Individual X" from addresses at "Silk Road," which is

21 described by the government as having been "the most sophisticated and extensive criminal

22 marketplace on the Internet, serving as a sprawling black market bazaar where unlawful goods and

23 services, including illegal drugs of virtually all varieties, were bought and sold regularly by the

24 site's users." In 2013, law enforcement seized and shut down Silk Road.

25         In 2020, further investigation revealed that Individual X had hacked into Silk Road and

26 through 54 transactions sent a total of over 70,000 bitcoin to two addresses he controlled. The bulk

27 of that bitcoin was later transferred to another address, from which it was ultimately seized.

28 Individual X and the creator and owner of Silk Road have both consented to the forfeiture of the

United States District Court
Northern District of California

seized bitcoin.

Several entities and individuals filed claims asserting that the seized bitcoin could include bitcoin in which they have ownership rights. Prior orders struck several of those claims and denied a motion to intervene by another potential claimant. At this juncture, a single claim remains. This order addresses that claim, denies one of the other claimant's motion for leave to seek reconsideration, and denies motions to enter separate judgments under Rule 54(b).[1]

1. Buckley claim

Lucas Buckley, "as Trustee for the Gox Victim Bitcoin Trust" filed a verified claim in which he asserts an ownership interest in "0.01 BTC Bitcoin ("BTC"), Bitcoin Gold ("BTG"), Bitcoin SV ("BSV"), Bitcoin Cash ("BCH"), and future Bitcoin hard forks (collectively the "Bitcoin") of those Defendant funds that are the subject of this forfeiture action." Buckley purchased the bitcoin from Roman Hossain, one of the other claimants whose claims have previously been stricken.

The government's motion to strike first asserts Buckley's claim fails because it is "entirely derivative" of Hossain's claim. Hossain, however, alleged that his account at Mt. Gox held 245.98124 BTC and that the amount stolen from him was 245.92 BTC.[2] Buckley contends the 0.01 BTC he purchased represents a portion of the fractional bitcoin remaining in Hossein's account *after* the theft of the 245.92 BTC. As such, the prior order's conclusion that Hossein had not plausibly alleged his 245.92 BTC were part of what the government seized from the 1HQ3 wallet, does not automatically also foreclose Buckley's claim.

Buckley's claim nevertheless fails at the outset because he undeniably acquired his asserted interest in the seized property with full knowledge of the forfeiture proceedings.

---

[1] The factual and procedural background has been described in more detail in prior orders and will not be further recounted here.

[2] Hossein's claim alleged "at least" that amount was stolen. In its motion to strike Hossein's claim, however, the government pointed to transfers totaling exactly that amount.

1    Buckley's verified claim asserts his interest in the property as an "innocent owner" under

2    18 U.S.C. § 983 (d). Subparagraph (3) of that section, however, provides:

3

4        With respect to a property interest acquired after the conduct giving rise to the
         forfeiture has taken place, the term "innocent owner" means a person who, at the

5        time that person acquired the interest in the property—

6        (i) was a bona fide purchaser or seller for value (including a purchaser or seller of
         goods or services for value); and

7        (ii) did not know and was reasonably without cause to believe that the property was

8        subject to forfeiture.

9

10   Buckley plainly cannot satisfy subparagraph (ii), as he knew the property had already been seized

11   and was the subject of this forfeiture proceeding before he purchased the 0.01 BTC from Hossein.[3]

12           Even assuming Buckley could somehow avoid the import of subparagraph (ii), however,

13   his claim would still fail for the same core reason as those of Hossein and other claimants—he

14   offers nothing more than undue speculation that any of the seized bitcoin is his property.

15   Buckley's theory is that he purchased 0.01 BTC out of the approximately 0.06 BTC that remained

16   in Hossein's account after hackers had stolen the 245.92 BTC in February of 2013. The notion that

17   Hossein's remaining bitcoin was then stolen, then transferred to Silk Road, and then stolen again

18   and transferred ultimately into the 1HQ3 wallet, is non-sensical given that the theft of the subject

19   bitcoin took place months earlier. Even if, as Buckley and Hossein both contend, Mt. Gox records

20   are not sufficiently reliable to establish the timing, Buckley has offered nothing other than guesses

21   and bald assertions in support of his contention that Hossein's bitcoin ended up in the 1HQ3

22   wallet. Although Buckley offers an expert who opines certain transfers from Mt. Gox to Silk Road

23   were "indicative of theft or siphoning," he does not show that Hossein's bitcoin is part of the

24   seized property, or even that that there is a sufficiently plausible factual basis to so allege.

25

26   _____

27   [3] The government did not clearly articulate this issue until its reply brief, instead subsuming it in
     an argument that Buckley's interest is only "nominal."

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Buckley's further argument that factual disputes preclude dismissal is based on two flawed

2  premises. First, Buckley insists that because his claim is "verified," it must be treated as evidence.

3  Conclusory and/or implausible assertions, however, do not foreclose resolution at the pleading

4  stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009) ("It is the conclusory

5  nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles

6  them to the presumption of truth.")

7    Second, Buckley (and Hossein before him) appear to believe they can prevail if they show

8  that *specific* bitcoin, once in Hossein's Mt. Gox account, was in the 1HQ3 wallet when seized.

9  The assumption is that the law would not treat bitcoin as fungible in the same way as paper

10  currency. Individual bitcoins, and fractions thereof, apparently are uniquely identifiable. So, of

11  course, is paper currency, because each bill carries a unique serial number.

12    Consider, however, what would happen if a person deposited a $100 bill in a bank account,

13  keeping a record of its serial number. Later that specific bill is taken in a robbery from that same

14  bank. The government eventually seizes a quantity of cash from the robbers, or other downstream

15  criminals, and that specific bill is part of the seized funds. If the bank did not deduct $100 from the

16  depositor's account when the robbery occurred on grounds that specific bill had been stolen, he or

17  she would not have a viable claim in the forfeiture proceeding. Furthermore, if a person filed a

18  claim baldly asserting that the property included his or her specific bills, he or she likely would

19  not be entitled to discovery of all the serial numbers of the seized cash merely in the hopes of

20  being able to assert a claim.

21    There may, of course, be reasons to treat the fungibility of cryptocurrency differently from

22  that of paper currency. At least at this point, however, neither Buckley nor any or the other

23  claimants has shown that the law would permit them to trace individual bitcoins without

24  consideration of fungibility issues.

25    Finally, Buckley refers to potential claims "for approximately 34,754 additional bitcoin

26  that were formerly held in accounts on Mt. Gox." He acknowledges, however, that he lacks

27  knowledge "which, *if any*" (emphasis added) of that bitcoin was transferred to the 1HQ3 wallet.

28

CASE NO. 20-cv-07811-RS

4

Accordingly, the government's motion to strike the claim is granted.

### 2. Hossein reconsideration

Pointing to the expert declaration submitted by Buckley as "new evidence," Hossein seeks leave to file a motion for reconsideration of the order striking his own claim. Hossein insists the declaration undermines the government's showing as to when and where bitcoin moved, and thereby at a minimum reflects the existence of disputed factual issues. As discussed above, the declaration does not create factual issues precluding disposition of these claims on the pleadings.

Furthermore, even assuming no weight at all should be given to the government's evidence as to the timing of the various thefts and where funds stolen from Mt. Gox went, Hossein would not be entitled to a different result. The prior order expressly held, "[e]ven apart from the timing, Hossein would have nothing other than pure speculation to suggest that his Bitcoin was transferred to Silk Road . . . . In essence, Hossain has done nothing more than show that he owned some Bitcoin that was stolen from him, and then baldly claimed that even though the seized Bitcoin was stolen from somewhere else, some of it must be his. The timing proves otherwise, but even in the absence of the government's showing on that point, Hussain has not met his burden to show a colorable interest in the property." The request for leave to seek reconsideration is denied.

### 3. Rule 54(b) motions

Claimants Battle Born Investments Company, LLC, First 100, LLC, and 1st One Hundred Holdings, LLC, (collectively "Battle Born") and claimant Ilija Matusko seek entry of separate judgments under Rule 54(b) of the Federal Rules of Civil Procedure. While separate judgments would not have been warranted in any event, with the striking of Buckley's claim, this matter is now ripe for final judgment, which will render the motions moot. They are therefore denied. The government shall promptly submit a proposed final judgment.

United States District Court
Northern District of California

CASE NO. 20-cv-07811-RS

5

1    **IT IS SO ORDERED**.

2

3    Dated: July 14, 2022

4                                                    _____

5                                                    RICHARD SEEBORG
                                                     Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

CASE NO. 20-cv-07811-RS

SER-32